UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      *      CRIMINAL DOCKET

VERSUS                        *      NO: 07-136

LOUIS GENARD                  *      SECTION: "D"(3)

### ORDER AND REASONS

On August 14, 2007, the court heard arguments on Defendant's **"Motion to Dismiss for Lack of Subject Matter Jurisdiction."** After considering the motion, the memorandum in support thereof, the government's opposition memorandum, and the argument of counsel, the court **DENIES** the motion.

In this motion, Defendant first argues that there is "no specific pleading as to the *actus reus* and *mens rea* of a crime," because "there is no pleading that commenced this action and no complaint or information made under oath...." However, the record is clear that an Indictment was properly returned by the Grand Jury in the Eastern District of Louisiana alleging venue in the Eastern District of Louisiana and setting forth the charges in the language of the statute. The Indictment informs Defendant of the charges, and thus insures there is no risk of future prosecutions for the

same offense.  That is sufficient.  *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994).  The Defendant has been properly charged and arraigned and this portion of Defendant's motion is without merit.

Defendant next argues in support of his motion to dismiss for lack of subject matter jurisdiction that there "no regulation has promulgated by Congress and published in the Code of Federal Regulations that would make him bound or adversely affected by 26 U.S.C. § 7203."  However, the law is clear that Federal Register notice requirements do not apply to federal criminal statues.  *See United States v. Schiefen,* 139 F.3d 638, 639 (8th Cir. 1998); *United States v. Hicks,* 947 F.2d 1356, 1360 (9th Cir. 1991).  The "duty to pay taxes is manifest on the face of the statutes, without any resort to IRS rules, forms or regulations." *United States v. Bowers,* 920 F.2d 220, 222 (4th Cir. 1990).

Third, Defendant argues in support of his motion to dismiss for lack of subject matter jurisdiction that "no remedy can be created by this court."  The thrust of this portion of the Defendant's motion is that because federal courts are courts of limited jurisdiction, the court's jurisdiction must be granted by Congress and Congress has not done so with regard to any alleged violations of Section 7203 of the Internal Revenue Code.  However, Congress has clearly and unequivocally granted jurisdiction "of **all offenses** against the laws of the United States" to the District

Courts of the United States.  *See* 18 U.S.C. § 3231 (emphasis added); *United States v. McCarthy*, 665 F.2d 596, 597 (5th Cir. 1982); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990); and *United States v. Evans*, 717 F.2d 1334 (11th Cir. 1983),.

New Orleans, Louisiana, this **16th** day of **August, 2007**.

_____
A. J. MCNAMARA
UNITED STATES DISTRICT JUDGE