```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        *         CRIMINAL DOCKET

VERSUS                          *         NO: 07-136

LOUIS GENARD                    *         SECTION: "D"(3)
```

### ORDER AND REASONS

On August 14, 2007, the court took under advisement Defendant's **"Motion to Dismiss Pursuant to Fed. R. Crim. P. 12 (b)(2)."** In this motion, the Defendant argues that there is a lack of "territorial jurisdiction," as that term is defined under 18 U.S.C. §7. He further argues that "no jurisdiction exists in the United States to enforce federal criminal laws, unless and until consent to accept jurisdiction over lands acquired by the United States has been filed in (*sic*) behalf of the United States as provided in [40 U.S.C. § 3112]."

Defendant submits that this statute, together with Article 1, Section 8, Clause 17 of the United States Constitution, informs it is only in those places where a state has ceded and the federal government has accepted jurisdiction that the federal government can exercise general jurisdiction. He attaches to his memorandum

what purports to be "a certified listing from the General Services Administration website of all property in the State of Louisiana that the State has ceded to the United States, which establishes the maximum extent of federal jurisdiction in said areas." He argues that in order for the U.S.A. to have territorial jurisdiction over these areas there must not only be a deed of succession from the State of Louisiana, but also letters of acceptance by the federal government whereby land and jurisdiction was ceded by the state and accepted by the government.

Notwithstanding any tortured reading of the above-mentioned references and erroneous conclusions ascribed thereto, the law is clear that a defendant should be tried in the district in which "the crime shall have been committed."  U.S. Const. Amend VI; *United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978).  The law is further clear that "[i]f the Government shows by a preponderance of the evidence that the crime was committed in the trial district, both territorial jurisdiction and proper venue are established."  *United States v. White*, 611 F.2d 531, 535 (5th Cir. 1980).[1]

---

[1]    The court also finds that Defendant's reliance on *Adams v. United States*, 319 U.S. 312 (1943) is misplaced.  The *Adams* case involved a very narrow issue of the jurisdiction *vel non* for the trial of three soldiers for the rape of a civilian woman which occurred within the confines of a government military camp in Louisiana.  It has no applicability whatsoever to the instant case involving an Indictment for failure to file income tax returns.

"The crime of failure to file an income tax return is committed in the judicial district in which the taxpayer is required to file." *Calhoun*, 566 F.2d at 973. The "place for filing returns" is set forth in 26 U.S.C. §6091(b)(1)(A)(i)(ii), which provides:

> **(b) Tax returns.** - In the case of returns of tax required under authority of part II of this subchapter -
>
> **(1) Persons other than corporations. -**
>
> **(A) General rule.** - Except as provided in subparagraph (B), a return (other than a corporation return) shall be made to the Secretary -
>
>> (i) in the internal revenue district in which is located the ***legal residence*** or ***principal place of business*** of the person making the return, or
>>
>> (ii) at a service center serving the internal revenue district referred to in clause (i),
>
> as the Secretary may by regulations designate.

26 U.S.C. §6091(b)(1)(A)(i)(ii)(bold italics added).

Based on Defendant's statement which was presented to the Government and representations made by Defendant's counsel at oral argument, it is not disputed that both the Defendant's legal residence and principal place of business are within the Eastern

3

District of Louisiana.[2]  Further, according to Defendant's Statement,[3] and confirmed by Defendant's counsel at oral argument, Defendant has not filed tax returns anywhere since 1996.

Accordingly, the Defendant's **"Motion to Dismiss Pursuant to Fed. R. Crim. P. 12 (b)(2)"** is **DENIED.**

New Orleans, Louisiana, this **16th** day of **August, 2007**.

_____
A. J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2]  *See* Defendant's Statement, Exhibit D, attached to the Government's "Motion in Limine Regarding Anticipated Tax Protester Defenses," Doc. No. 40. and Gov's Mt. at p. 1.  In the first paragraph of this Statement, Defendant states:

> My name is Louis Genard.  I was born in New Orleans in 1950 and I have been a resident in the metropolitan New Orleans area ever since that time.  I attended Jesuit High School, Loyola University and Louisiana State University School of Dentistry from which I graduated in 1978.  I have practiced dentistry in this area since my graduation until the present time.

(*See* Defendant's Statement, p. 1).

At oral argument, counsel for Defendant confirmed that during the years at issue Defendant practiced dentistry in Slidell, Louisiana, and at no other place.

[3]  *See* Defendant's Statement, Exhibit D at p. 1, attached to the Government's "Motion in Limine Regarding Anticipated Tax Protester Defenses," Doc. No. 40.

4